JUSTICE WARNER
concurs.
¶51 I concur in the result of the Court’s opinion, but not with all that is stated therein. PPLM complains that it is a violation of equal protection for DOR to appraise its property as worth more than the comparable properties owned by PSE and Avista. PPLM is correct that the electrical generating plants owned by PSE and Avista are not assessed at the value they would bring on the open market in a sale between a presumed willing buyer and a presumed willing seller. The fair market value of a specific piece of property will not be less than a willing buyer will pay for it on the open market. If the owner of the property is willing to sell it, such owner might demand more for the property than a willing buyer offers, but surely the owner will not demand less than the offer. The price that PPLM recently paid for one-half of the Colstrip units in question is indeed powerful evidence of the value of PSE’s one-half interest in the same generating plants.
*138 ¶52 However, Montana tax law provides that in the present instance the properties of PPLM, PSE and Avista are not necessarily “comparable property.” Thus, the law provides that these properties need not be assessed equally. Section 15-7-112, MCA, says:
The same method of appraisal and assessment shall be used in each county of the state to the end that comparable property with similar true market values and subject to taxation in Montana shall have substantially equal taxable values at the end of each cyclical revaluation program hereinbefore provided. [Emphasis added.]
¶53 Section 15-l-101(l)(e), MCA, states:
The term “comparable property” means property that:
(i) has similar use, function, and utility;
(ii) is influenced by the same set of economic trends and physical, governmental, and social factors-, and
(iii) has the potential of a similar highest and best use. [Emphasis added.]
¶54 As the District Court aptly concluded, because PPLM operates in an unregulated market, whereas PSE and Avista operate in regulated markets, their properties are not necessarily “comparable” under Montana law because they are not “influenced by the same set of economic trends and ... governmental... factors[.]” The District Court explained in detail:
However, under the regulatory status quo, the electric generation properties of PPLM and PSE/Avista are not currently subject to, and influenced by, the same set of regulatory and economic restrictions, factors, and environment. PPLM and PSE/Avista operate in substantially different regulatory and economic environments. As an EWG, PPLM may sell an unlimited amount of power on the wholesale market for profit at market rates. In the regulated environment in which they operate, PSE and Avista may not profit above the reasonable rate of return that state regulatory agencies authorize them to recover on their investments. Consequently, PPLM’s Montana electric generation assets have been substantially more profitable and have substantially more profit-potential than those of PSE/Avista under the regulatory status quo.
¶55 While PPLM complains the District Court erred in determining that their property was not comparable with that of PSE and Avista, the District Court’s conclusion was based on the law.
¶56 The basic rule of equal protection is that “persons similarly *139 situated with respect to a legitimate governmental purpose of the law must receive like treatment.” Rausch v. State Compen. Ins. Fund, 2005 MT 140, ¶ 18, 327 Mont. 272, ¶ 18, 114 P.3d 192, ¶ 18. By enacting the above referenced statutes, which define what may be considered “comparable property,” the legislature has, in effect, provided that property owned by a regulated utility may be appraised at a lesser value for tax purposes than that same property owned by an unregulated utility. Thus, the legislature has determined that PPLM, PSE and Avista are not similarly situated and there is no equal protection violation. Like many things in the law of taxation, the disparate valuation of the properties in question may not be entirely logical. But, as noted by the District Court, there is a rational basis for the different valuations and they are not illegal.
¶57 While assigning a greater value to PPLM’s properties than to PSE’s or Avista’s property creates a fictional result, DOR’s valuation is not a violation of equal protection. Therefore, I must concur in the result of the Court’s decision.